UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT THOMAS GUTHRIE,<br><br>               Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY,<br><br>               Defendant. | Case No. C14-1424 RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Robert Thomas Guthrie is confined at the Snohomish County Jail. In his original pro se complaint, he alleged his civil rights were violated by Officer Sigh, an employee of the jail, other unnamed employees, and Snohomish County Corrections (SCC). Dkt. 8. The Court declined to serve Mr. Guthrie's complaint because it failed to state a claim under ¶ 1983 but granted leave to amend. Dkt. 9. On October 10, 2014, Mr. Guthrie filed an amended complaint. Dkt. 11. The Court recommends that the amended complaint be dismissed without prejudice as it is similarly deficient.

## BACKGROUND

In his original complaint, Mr. Guthrie alleged that on April 4, 2014, while he was housed in the medical housing unit at the Snohomish County Jail, he began experiencing numbness in the left side of his body, limbs, and face. Dkt. 8. When he used his call button, Officer Sigh responded with an "aggressive string of obscenities and threats of solitary confinement where

REPORT AND RECOMMENDATION - 1

she said no one would be able to see or hear me." Mr. Guthrie alleges that Officer Sigh threatened him with violence if he pushed the call button again and he complied out of fear. A "couple days" later, he attempted to complain of stroke symptoms and was ignored by other unidentified corrections officers and nurses. A few days after this, he was moved to another housing unit where he experienced a more severe stroke which he describes as paralyzing his left side even more and impairing his thoughts, speech, and mobility. He was evaluated by an unidentified nurse who ordered his transfer to Providence Hospital in Everett. At the hospital, MRI and CT scans revealed that he had suffered two separate strokes. He was admitted to the hospital for several days of treatment and then released to Providence Pacific for inpatient physical therapy, where he remained for twelve days. *Id.*, pp. 3-4. On his return to the Snohomish County Jail, Mr. Guthrie states that he was locked away in solitary confinement in contradiction to medical instruction that he be given 24-hour assistance. He also claims that arranging his physical and speech therapy sessions has been "a logistical nightmare." According to Mr. Guthrie, his attorney has attempted to have him released to a responsible caregiver, but the jail doctor has voiced to the courts that Mr. Guthrie's condition can be managed adequately at the jail – an opinion with which Mr. Guthrie disagrees. *Id.*, p. 4. Mr. Guthrie claims that he suffered another stroke on September 14, 2014 and that when he reported this to an unidentified nurse, she told him that he could not have possibly had another stroke because he had already had one. *Id.*, p. 5.

In his original complaint, Mr. Guthrie sought to hold SCC responsible for deliberate indifference in his medical care, to pay for his mounting medical bills, and for punitive damages. He also sought an order directing Snohomish County to vacate the case against him and remove the no contact order as to his common law wife. *Id.*, p. 6. Mr. Guthrie also stated that he had not

REPORT AND RECOMMENDATION - 2

1  yet completed the grievance process.  *Id.*, p. 2.

2        The Court advised Mr. Guthrie that his complaint was deficient because (1) he was

3  attempting to sue the Snohomish County Jail, a governmental agency that cannot be sued under §

4  1983; (2) although he contended that Officer Sigh and other unidentified officers and nurses

5  were indifferent to his medical needs, he failed to allege sufficient facts to support such a claim;

6  (3) he had not completed the grievance process, and (4) he could not challenge the propriety of

7  ongoing state criminal proceedings (no contact order with common law wife) in a federal § 1983

8  case.  Dkt. 9.  In response, Mr. Guthrie filed an amended complaint seeking $4 million in

9  damages from the County of Snohomish, along with all medical costs, legal fees and costs, and

10  costs associated with his rehabilitation and employment retraining.  Dkt. 9.

11        The factual allegations in his amended complaint are largely similar to that in his original

12  complaint but in the amended complaint, Mr. Guthrie names only Snohomish County.  He has

13  also deleted that portion of his original complaint seeking relief from the no contact order.  He

14  also states that he has now completed the grievance process.  Attached to his complaint is a copy

15  of a grievance dated September 29, 2014 (13 days after filing his original complaint).  Dkt. 11, p

16  9.  In response, he was told to try to fill out a grievance closer to the date when the incident

17  occurred.  *Id.*

18        Because the amended complaint is also deficient, it is recommended that this case be

19  dismissed without prejudice.

20                                     **DISCUSSION**

21  **A.**    **Claims Against Snohomish County**

22        Mr. Guthrie was advised that the County of Snohomish was the appropriate municipality

23  to be sued under § 1983 rather than the Snohomish County Jail.  However, he was also advised

REPORT AND RECOMMENDATION - 3

that in addition to naming Snohomish County as a defendant, he must allege facts setting forth how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the City ratified the unlawful conduct. Dkt. 9, pp. 3-4. *Monell v. New York City Dept. of Social Services,* 436, 365 (1990). The amended complaint is completely devoid of any factual allegations against Snohomish County and therefore, Mr. Guthrie's claims against Snohomish County should be dismissed.

**B.     Lack of Medical Care**

In both complaints, Mr. Guthrie claims that he was denied appropriate medical care. While the Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976). Mr. Guthrie alleges that Officer Sigh ignored his request for medical care on April 5, 2014 and that several other unknown officers and nurses were indifferent to his medical needs. The Court advised Mr. Guthrie that he cannot bring a claim collectively against Snohomish County for the individual actions of its employees that are not part of official custom, pattern or policy. He was advised that if he sought to hold individual jail employees liable, he must state who denied him treatment and whether they were aware that he required treatment. Further, he was told that if he does not have the names of the individuals, he should describe them with reasonable particularity so that the individual may be identified. He has not done so.

**C.     Exhaustion**

At the time Mr. Guthrie filed his original complaint, he had not completed the grievance process available at the Snohomish County Jail. In the original complaint, Mr. Guthrie acknowledges that there is a grievance procedure at SCC and that he filed a grievance, but he

also stated that the grievance process was not complete. Dkt. 8, p. 2. In his amended complaint, Mr. Guthrie states that he has now completed the grievance process but a copy of his most recent grievance attached to the amended complaint is dated September 29, 2014, which is after he filed this lawsuit.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Mr. Guthrie filed this lawsuit prematurely and it should be dismissed.

**CONCLUSION**

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, Mr. Guthrie was given an opportunity to amend his complaint but has failed to allege facts giving rise to a § 1983 action.

The Court recommends that Plaintiff's § 1983 action be **DISMISSED without prejudice.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by Monday, **November 10, 2014.** If Mr. Guthrie believes that further amendment will cure the deficiencies in his complaint, he may submit a second

amended complaint with his objections.  The matter will be ready for Court's consideration on **Friday, November 14, 2014**, and the Clerk should so note it.  Objections shall not exceed seven pages.  The failure to timely object may affect the right to appeal.  The Clerk shall provide a copy of this Report and Recommendation to Plaintiff and to the Honorable Robert S. Lasnik.

DATED this   20th   day of October, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6